E-FILED
Wednesday, 06 December, 2017 01:40:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| COURTNEY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1534 |
| | ) | |
| AEROCARE USA, INC., | ) | Honorable Joe B. McDade |
| | ) | |
| Defendant. | ) | |

**O R D E R & O P I N I O N**

This matter is before the Court on the motion to proceed in forma pauperis (Doc. 2) of Plaintiff Courtney Sanders. Ms. Sanders seeks to file a Complaint (Doc. 1) alleging her former employer, AeroCare USA, Inc., violated Title VII of the Civil Rights Act of 1964 when it subjected her to a hostile working environment on account of her race that was severe enough to force her to quit. Ms. Sanders is not able to pay the $400.00 filing fee for civil cases and therefore she moves the Court to proceed in forma pauperis, which simply means she is requesting the Court to proceed without paying the normal fee required to institute a civil action. Also pending before the Court is Ms. Sanders' motion to appoint counsel (Doc. 3). For the reasons stated below, the motion to proceed in forma pauperis (Doc. 2) is granted. Ms. Sanders' motion to appoint counsel (Doc. 3) is denied.

I. **Motion to Proceed In Forma Pauperis**

A court may allow a civil suit to proceed without the prepayment of fees and costs when a plaintiff submits an affidavit that includes a statement of all his

1

assets, and shows that he is unable to pay filing fees or provide security for the payment of a filing fee. 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the action ... and affiant's belief that the person is entitled to redress." *Id*. However, the "privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privileges were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Ms. Sanders submits an application in which she avers under penalty of perjury that she receives an income of about $1500.00 a month and has monthly expenses that amount to almost $1400.00 a month. (Doc. 2 at 1-2). She states that she has assets and savings of only $50. (Doc. 2 at 2). Based on her submissions, the Court concludes that Ms. Sanders does not have the means to pay the filing fee and she may proceed without the prepayment of fees and costs. Her motion to proceed in forma pauperis (Doc. 2) is therefore granted.

## II.    Screening the Pro Se Complaint Pursuant to 28 U.S.C. § 1915

In connection with a court's consideration of a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must also review the proposed complaint to ensure it complies with 28 U.S.C. § 1915(e)(2), which states in relevant part that "the court shall dismiss the case at any time if the court determines that--

   (A) the allegation of poverty is untrue; or
   (B) the action or appeal--
       (i) is frivolous or malicious;
       (ii) fails to state a claim on which relief may be granted; or

2

(iii) seeks monetary relief against a defendant who is immune from such relief."

The Court has reviewed the Complaint here <u>liberally</u>—as it must under the precedent of cases such as *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)) and *Childress v. Walker*, 787 F.3d 433, 436 n. 1 (7th Cir. 2015)—and concludes the allegations are sufficient for the case to proceed at this stage.

Ms. Sanders alleges that she began working for the Defendant in May 2007. Ms. Sanders alleges she was the first African-American ever hired locally by Defendant. Within a few months, she overheard a co-worker express dissatisfaction with having to work with a "nigger". She alleges further that she was not allowed consistent breaks, while other employees were allowed to constantly take breaks. She also alleges that she was never trained properly intentionally.

On August 4, 2017, Ms. Sanders was called into a meeting with two managers to discuss concerns and complaints they allegedly had received about her. The managers informed her that her attire was too revealing for work; that she listened to music at work that was offensive because of profane language; that she requested assistance from the main office too many times; and that she would not be receiving a raise after her probationary period, despite that she had been informed that she would. The managers also told her later that they were informed that Ms. Sanders disrespected them behind their backs by making faces and saying

3

that they were not her boss. Ms. Sanders alleges all of these assertions were fabrications meant to mask her ill treatment on account of her race. She alleges that she asked for the hiring manager to be called but the managers refused. She then asked whether she should put in notice of her resignation and the manager responded that it was her last day of employment.

That last allegation casts doubt on whether Ms. Sanders was constructively discharged as she claims or actually discharged. Regardless, the allegations do not appear to be frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). So the Court will analyze whether the allegations fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts use the same standard for assessing claims under 28 U.S.C. § 1915(e)(2)(B)(ii) as they do for assessing claims under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In determining whether a complaint fails to state a claim upon which relief can be granted "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (adjudicating a Rule 12(b)(6) motion to dismiss). The complaint must contain at minimum "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, the complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007)). The plausibility standard requires a plaintiff to plead enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Lastly, when a plaintiff pleads facts demonstrating that he has no claim, dismissal of the complaint is proper. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

A Title VII claim of a hostile work environment must contain allegations that demonstrate it is plausible that the complained of work environment was one that a reasonable person would find hostile or abusive, and one that the plaintiff in fact perceived to be hostile and abusive. *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 647 (7th Cir. 2011) citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998).

If the allegations of the Complaint are true—which the Court is constrained to treat as such—then they do not set out a plausible story of a hostile work environment. The single offhand comment Ms. Sanders overheard on July 10, 2017 that a non-African-American coworker made to the effect that he or she did not want to work with a "nigger" does not rise to a severe or pervasive enough level of conduct to warrant relief under Title VII. "[I]solated incidents, unless 'extremely serious,' will not support a hostile work environment claim". *Ellis*, 650 F.3d at 648. And severity in the context of a hostile work environment claim means the incident had to be capable of changing the terms and conditions of employment. *Id.* For example, in *Thompson v. Memorial Hospital of Carbondale*, 625 F.3d 394, 401-02 (7th Cir. 2010), the Seventh Circuit upheld a district court's grant of summary

5

judgement on a Title VII hostile work environment claim where the plaintiff complained of <u>several</u> comments that attributed poor work performance to the plaintiff's race and a comment made by a co-worker that her neighbors would be taken aback if she brought an African-American person into her home.

Here, only the single comment that was not even directed at Ms. Sanders evinced a racial animus. The other comments made to Ms. Sanders do not indicate racial bias. For example, complaints about the revealing nature of one's attire; about music that has profane language; and about requesting assistance too much do not implicate pervasive illegal discrimination. For these reasons, these allegations are not sufficient to make out a plausible claim of a hostile work environment.

Ms. Sanders' constructive discharge fails as a matter of law as well because her hostile work environment claim fails. "A plaintiff proceeding under [a constructive discharge theory] must demonstrate a work environment that is even more egregious than that needed for a hostile work environment such that he was forced to resign because his working conditions, 'from the standpoint of the reasonable employee, had become unbearable.'" *Thompson*, 625 F.3d at 401.

All is not lost for Ms. Sanders however because the Court has discerned a potentially viable claim from Ms. Sanders's allegations. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better

correspondence between the substance of a *pro se* motion's claim and its underlying legal basis, <u>Castro v. United States</u>, 540 U.S. 375, 381–82 (2003) (internal quotations and citations omitted); *see also Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim. Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the 'well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration.'").

The Court believes that Ms. Sanders has pled enough information to support a simple, plausible claim of racial discrimination under Title VII. "'Plausibility' in [the context of satisfying Rule 8 pleading standards] does not imply that the district court should decide whose version to believe, or which version is more likely than not." <u>Swanson</u>, 614 F.3d at 404. Taking all the allegations as true, she has presented the contours of a plausible story that she was intentionally undertrained, work concerns ignored, and false allegations of unsatisfactory performance levied against her, all on account of her race. These conditions were then utilized as pretextual justifications to deny her a raise that may have been customarily given to workers, all of whom had previously not been African-Americans.

7

### III. Motion for Counsel

Civil litigants have no right to court-appointed counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, courts have the discretion to request counsel to represent indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). In considering a request for counsel in a civil matter, the Court must determine whether a plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and if so, whether given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Ms. Sanders has failed to demonstrate that she made any attempts, let alone reasonable attempts, to find counsel on her own or that she has been precluded from doing so. The standard form motion for *pro se* litigants contains the following directive:

> In support of my motion, I declare that I have contacted the following attorneys/organizations seeking representation in this case: (This item must be completed, and you should attach documentation showing that you have asked several attorneys to represent you in this case.)

Despite that directive, Ms. Sanders has failed to file any such documentation. Without such documentation, the Court cannot find that Plaintiff made a reasonable attempt to obtain counsel and her motion must be denied.

### IV. Conclusion

For these reasons stated above, Ms. Sanders is given twenty-one days from the entry of this Order and Opinion to amend her complaint. If she does not amend her complaint, then she shall be allowed to proceed on a simple claim of racial

8

discrimination under Title VII and the Clerk shall prepare a summons and copy of the Complaint (Doc. 1) for the United States Marshal, who shall be directed to serve it on Defendant in accordance with Federal Rule of Civil Procedure 4. The Motion to proceed in forma pauperis (Doc. 2) is GRANTED. Ms. Sanders' Motion to appoint counsel (Doc. 3) is DENIED. The Clerk is also requested to mail Ms. Sanders a copy of this Order and Opinion.

SO ORDERED.

Entered this 4th day of December, 2017.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                     United States Senior District Judge